UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD LEE QUICK, JR.,

    Plaintiff,

v.                                              CASE NO. 3:10-cv-00133-J-32JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss") (Doc. 25) and Plaintiff's Motion for Relief (Doc. 28), which the Court construes as a response to the Motion to Dismiss. For the reasons stated herein, ruling on the Motion to Dismiss will be deferred and Plaintiff will be allowed an opportunity to amend his Civil Rights Complaint Form ("Complaint").

Plaintiff's Complaint was filed in the Orlando Division of the United States District Court for the Middle District of Florida on February 1, 2010, and transferred to the Jacksonville Division on February 10, 2010. (Docs. 1 & 3.) On April 14, 2010, the Court granted Plaintiff's Affidavit of Indigency, construed as a motion for leave to proceed *in forma pauperis*. (Doc. 5.) On December 23, 2010, Defendant filed his Motion to Dismiss.

In the Motion to Dismiss, Defendant assumes that Plaintiff's Complaint seeks

review of a March 2009 suspension of Plaintiff's Supplemental Security Income ("SSI") payments and/or review of a September 14, 2010 initial denial of Plaintiff's application for benefits filed on June 11, 2010. (Doc. 25 at 6.) Based on this assumption, Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies as he failed to show that he obtained a "final decision . . . made after a hearing" from the Commissioner that might be subject to judicial review. (*Id.*) In support of the Motion to Dismiss, Defendant attaches the Declaration of Patricia Macinnis, a social insurance program specialist with the Social Security Administration ("SSA"), which provides, *inter alia*, that Plaintiff applied for SSI on six occasions: October 29, 2001; December 11, 2003; November 19, 2004; March 7, 2007; August 29, 2008; and June 11, 2010. (Doc. 25-1, ¶ 4.)

Upon review of the Complaint, Plaintiff's response to the Motion to Dismiss, and the rest of the filings in the case, the Court finds it appropriate to allow Plaintiff an opportunity to amend his Complaint prior to issuing a decision on the Motion to Dismiss. The Court's decision is based on the inconsistencies between Plaintiff's allegations in the Complaint and Plaintiff's statements in the response to the Motion to Dismiss.

The Complaint alleges "[r]acial or unjust discrimination showing unlawful prejudice," states that the SSA denied Plaintiff SSI income "unjustly" and "repeatedly," and prays for relief for his "broken marriage" and "[a]ll money and

[m]edical assistance that should have been given." (Doc. 1 at 8-10.) The Complaint provides that Plaintiff applied for assistance in February of 2002 (*Id.* at 9), but does not mention any of the applications listed in the Declaration of Ms. Macinnis.

Although the Complaint appears to allege racial discrimination, Plaintiff's response to the Motion to Dismiss provides that "race was not mentioned in [his] Complaint" and that Defendant "misconstrued [his] Civil Rights Complaint Form when it [sic] stated on page two of the Motion to Dismiss that [Plaintiff] claimed the Social Security denials of assistance were based on [his] race." (Doc. 28 at 2.) Plaintiff also states that "Defendants Administration [sic] did on several occasions deny [him] and [his] family the assistance desperately needed . . . because of impaired reasoning and the denial came with unclear and insufficient and deceptive explanations." (*Id.*) Plaintiff's response further provides that his "Complaint is pertaining to the time of [his] illness in (2001) and [his] denials from that point." (*Id.* at 3.)

Due to these inconsistencies, it is unclear exactly what type(s) of claim(s) Plaintiff asserts, which decisions of the SSA he challenges, and what, if any, administrative procedures he has followed to exhaust his remedies with the SSA. To clarify these issues and avoid any risk of rewriting Plaintiff's Complaint, *see Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) (stating that the court is under no duty to "re-write" a plaintiff's complaint to find a claim), Plaintiff will be provided with an opportunity to amend his Complaint. The amended complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must show the plausibility of any claim stated. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). It must also describe the type(s) of claim(s) Plaintiff asserts, which decisions of the SSA he challenges, and what, if any, administrative procedures he has followed to exhaust his remedies with the SSA.

Amending the Complaint would assist the Court in determining the merits of the Motion to Dismiss. It may also clarify whether Plaintiff's claim(s) were filed within the applicable statute of limitations. Assuming Plaintiff amends his Complaint in accordance with this Order, Defendant will be allowed to amend his Motion to Dismiss or otherwise respond to the amended complaint.

Accordingly, it is **ORDERED** that:

1.  **On or before March 15, 2011**, Plaintiff may amend his Complaint in accordance with this Order.

2.  **On or before April 4, 2011**, Defendant may respond to the amended complaint or advise the Court whether Defendant intends to stand on the present Motion to Dismiss.

3.  Ruling on the Motion to Dismiss (**Doc. 25**) is hereby **DEFERRED** pending the parties' compliance with this Order.

**DONE AND ORDERED** at Jacksonville, Florida, on February 17, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

*Pro Se* Party

Counsel of Record