UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD LEE QUICK, JR.,

    Plaintiff,

v.                                                    CASE NO. 3:10-cv-00133-J-32JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss") (Doc. 25), Plaintiff's response thereto (Doc. 28),[2] Defendant's Amended Motion to Dismiss Plaintiff's Amended Complaint ("Amended Motion to Dismiss") (Doc. 33) (collectively, "Motions"), and Plaintiff's response thereto (Doc. 36). For the reasons stated herein, the Court will recommend that both Motions (Docs. 25 & 33) be **GRANTED**.[3]

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Although this document is titled "Motion for Relief," the Court construes it as a response to the Motion to Dismiss.

[3] The undersigned recommends that both Motion be granted because Defendant's Amended Motion to Dismiss provides that "[t]he Commissioner stands on his motion to
(continued...)

## I.     Summary of Recommendation

Plaintiff alleges that although he was finally awarded Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") in 2008, he was previously denied benefits on multiple occasions from 2001 forward. (Doc. 31.) He seeks compensation for the losses he allegedly suffered as a result of being denied benefits on these previous occasions. (*Id.*)  However, as the Court can review decisions of the Commissioner only by way of a proper appeal pursuant to 42 U.S.C. § 405(g), and Plaintiff has not alleged the requirements of a proper appeal despite being given several opportunities to do so, dismissal without prejudice is recommended.

## II.    Background

Plaintiff's Complaint was filed in the Orlando Division of the United States District Court for the Middle District of Florida on February 1, 2010, and transferred to the Jacksonville Division on February 10, 2010. (Docs. 1 & 3.) On April 14, 2010, the Court granted Plaintiff's Affidavit of Indigency, construed as a motion for leave to proceed *in forma pauperis*. (Doc. 5.)

---

[3](...continued)
dismiss (D.E. 25), with the additional arguments made [in the Amended Motion to Dismiss] regarding Plaintiff's failure to identify what claims or final agency action he seeks to pursue, along with the additional information that Plaintiff made no claim in February 2002." (Doc. 33 at 4-5.) Moreover, the Court has considered the allegations of the Complaint and the Amended Complaint together so as to give Plaintiff the benefit of all allegations made in the pleadings. Alternatively, however, the Court may deny the Motion to Dismiss as moot and grant only the Amended Motion to Dismiss.

On December 23, 2010, Defendant filed his Motion to Dismiss. (Doc. 25.) It shows that Plaintiff applied for SSI on six occasions, that all of his applications, except the fifth application dated August 29, 2008, were denied at the initial level, and that Plaintiff did not appeal these denials.[4] (Doc. 25-1, ¶¶ 4-5, 12; Doc. 25-6 at ¶ 12; Doc. 25-7; Doc. 25-8.)

On February 17, 2011, the Court entered an Order taking the Motion to Dismiss under advisement and granting, *sua sponte*, Plaintiff leave to amend the Complaint as a result of inconsistencies between Plaintiff's allegations in the Complaint and his statements in the response to the Motion to Dismiss. (Doc. 29.) Specifically, Plaintiff's Complaint alleged "[r]acial or unjust discrimination" (Doc. 1), but Plaintiff's response provided that "race was not mentioned in [his] Complaint" and that Defendant "misconstrued [his] Civil Rights Complaint Form" (Doc. 28). The Court's February 17, 2011 Order stated, *inter alia*, that the Amended Complaint must "describe the type(s) of claim(s) Plaintiff asserts, which decisions of the SSA he challenges, and what, if any, administrative procedures he has followed to exhaust his remedies with the SSA." (Doc. 29.)

On March 4, 2011, Plaintiff filed his Amended Complaint, which he titled

---

[4] The dates of his applications are as follows: October 29, 2001; December 11, 2003; November 19, 2004; March 7, 2007; August 29, 2008; and June 11, 2010. (Doc. 25-1.) Contrary to Plaintiff's allegations, "[t]he systems of records for SSI applications do not show that Mr. Quick applied for SSI in February 2002"; instead, they show that "[h]e most recently contacted the agency about applying for SSI on March 4, 2011," but "[h]e did not complete an application." (Doc. 33-1, ¶¶ 4-5.)

"Complaint." (Doc. 31.) The two-page Amended Complaint alleges:

> I, Richard Quick, Jr was disabled and couldn't work in 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010. During this time I did apply for Social Securities [sic] SSI benefits and was declined and denied benefits repeatedly. In 2008 I was finally awarded SSI benefits but it did not help the losses I suffered not being able to provide for my sons and wife and baby. Now I have no wife and a rather large child support bill. Family and friends are exhausted with the unsatisfactory conditions. I would like to provide facts and evidence at a trial before this Court.

(*Id.*)

On April 1, 2011, Defendant filed his Amended Motion to Dismiss, which provides, *inter alia*, that Defendant stands on his Motion to Dismiss, with the additional arguments made in the Amended Motion to Dismiss "regarding Plaintiff's failure to identify what claims or final agency action he seeks to pursue, along with the additional information that Plaintiff made no claim in February 2002." (Doc. 33.)

Plaintiff's response to the Amended Motion to Dismiss asserts that "discrimination" was "at the root of [his] claim and the sole violation of [his] civil rights." (Doc. 36 at 1.) He also claims that the Seventh and Fourteenth Amendments support his claim. (*Id.*) He states that his Complaint is "focused on the initial request for assistance." (*Id.* at 2.)

### III. Standard

#### A. Rule 12(b)(1)

Plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A

4

party may attack subject matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). "Facial attacks on the complaint require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (internal quotation marks omitted). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id.*

"Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (internal quotation marks omitted). With factual attacks, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Here, Defendant challenges the existence of subject matter jurisdiction in fact and submits affidavits in support of his position. Because Defendant makes a factual attack on the Complaint and the Amended Complaint, no presumptive truthfulness attaches to Plaintiff's allegations. However, because Plaintiff's

Complaint and Amended Complaint do not allege the existence of subject matter jurisdiction, a facial attack on the Complaint and the Amended Complaint is also appropriate.

### B. Rule 12(b)(6)

To survive a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory

and not entitled to be assumed true." *Id.* at 1951.

However, it is well-established that the pleadings of *pro se* litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Further, before dismissing an action for failure to state a claim, the Court should permit a *pro se* litigant the opportunity to amend the pleading. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam).

**IV.   Analysis**

Upon consideration of Defendant's arguments and the allegations in Plaintiff's Complaint and Amended Complaint, the Court finds that Defendant's Motions should be granted for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6).

**A.   Rule 12(b)(1)**

The Complaint and Amended Complaint should be dismissed pursuant to Rule 12(b)(1) because they do not allege what, if any, administrative procedures Plaintiff has followed to exhaust his remedies with the SSA and, more specifically, to obtain a final decision made after a hearing from the Commissioner that might be subject to judicial review. Therefore, accepting Plaintiff's allegations as true, the Court finds that Plaintiff's Complaint and Amended Complaint do not sufficiently allege subject matter jurisdiction. Moreover, the Court finds that in light of the evidence presented by Defendant, the Court lacks subject matter jurisdiction irrespective of the

pleadings.

> Under 42 U.S.C. § 405(g):
>
> Any individual, after any <u>final decision</u> of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, <u>may obtain a review of such decision by a civil action commenced within sixty days</u> after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Further, 42 U.S.C. § 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>. <u>No action against the United States, the Commissioner of Social Security, or any officer</u> or employee thereof <u>shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter</u>.

42 U.S.C. § 405(h) (emphasis added).

The Supreme Court held that 42 U.S.C. § 405(g), which requires exhaustion of administrative remedies, is the sole avenue for judicial review of the Secretary's decisions. *See Heckler v. Ringer*, 466 U.S. 602, 627 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). "On its face [Section] 405(g) . . . bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" 424 U.S. at 328. The meaning of the term "final decision" "is left to the Secretary to flesh out by regulation." *Salfi*, 422 U.S. at 766.

In this case, Plaintiff has not alleged or demonstrated that this action, apparently challenging the Commissioner's initial denials of his applications filed in

2001, 2003, 2004, and 2007, is timely. Nor has he alleged or shown that the Commissioner's decisions were final. *See Johnson v. Comm'r of Soc. Sec.*, 97 Fed. App'x 526, 527-28 (6th Cir. 2004) ("Only after the Appeals Council has issued a decision is there a 'final decision' by the Commissioner within the meaning of § 405(g)."). Moreover, the declarations filed as part of Defendant's Motions affirmatively show that although Plaintiff has filed a total of six applications for SSI benefits from 2001 through 2010, none of these applications can be properly reviewed by the Court at this time because the requirements set forth in 42 U.S.C. § 405(g) have not been met. *See id.* at 528.

Further, to the extent Plaintiff is attempting to allege a "civil rights" claim (Doc. 36), "[t]he Social Security Act does not deal with the concept of 'equality' or with the guarantee of 'civil rights,'" and "does not fall within the terms of either [28 U.S.C.] § 1343(3) or (4)." *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979). Therefore, pursuant to *Chapman*, Plaintiff cannot bring a civil rights claim against the Commissioner under 28 U.S.C. §§ 1343(3) & (4). In addition, as provided in 42 U.S.C. § 405(h), Plaintiff cannot bring a civil rights claim against the Commissioner under 28 U.S.C. §§ 1331 & 1346.[5]

---

[5] Even assuming such a claim was cognizable, the Court finds this case analogous to *Johnson*, in which the Sixth Circuit stated that it "was not persuaded by the [plaintiffs'] attempt to characterize their claim as constitutional. The gist of the claim is simply that the Commissioner made an unsupported factual determination." 97 Fed. App'x at 528. Plaintiff's general allegations of some unspecified type of discrimination do not satisfy the Court that it has the power to hear this case.

Therefore, the facts, as pled in the Complaint and the Amended Complaint, are insufficient to establish subject matter jurisdiction either on the face of these pleadings or in fact, and to allow this Court to review what could be a series of denials of applications for SSI benefits spanning over a decade. The affidavits filed in support of Defendant's Motions affirmatively show that the Court does not have subject matter jurisdiction as none of these denials is subject to judicial review at this time. However, because Plaintiff, at some future time, might be able to properly challenge a specific decision of the SSA and adequately allege subject matter jurisdiction, the undersigned will recommend that the case be dismissed without prejudice.[6]

### B.    Rule 12(b)(6)

Taking into consideration the less stringent pleading standard that applies to the pleadings of *pro se* litigants, the Court determines that Defendants' Motions should also be granted pursuant to Rule 12(b)(6). Plaintiff's Complaint and Amended Complaint fail to allege exactly what type(s) of claim(s) Plaintiff asserts. Assuming that Plaintiff attempts to challenge any decision(s) of the SSA, it is unclear exactly which decision(s) he wants to challenge. In addition, assuming that he attempts to bring any discrimination claim(s), it is unclear what type(s) of

---

[6] Given the amount of time elapsed, it appears doubtful that Plaintiff could obtain a "final decision" from the Commissioner on his applications from 2001, 2003, 2004, 2007, 2008, and 2010. However, such a determination would have to be made by the Commissioner. Thus, dismissal without prejudice is appropriate.

discrimination he alleges and under what statute(s) or laws he alleges those claim(s). Importantly, Plaintiff has been provided with several opportunities to clarify his claim(s) and he has still failed to do so.

Therefore, Plaintiff's Complaint and Amended Complaint should also be dismissed for failure to state a claim upon which relief can be granted.

### V.   Conclusion

Defendant's Motions should be granted for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). However, the dismissal of Plaintiff's Complaint and Amended Complaint should be without prejudice to filing a timely, adequately pleaded complaint that challenges a specific final decision of the SSA and/or otherwise properly alleges subject matter jurisdiction.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motions (**Docs. 25 & 33**) be **GRANTED**.
2. The case be **DISMISSED without prejudice**.
3. Any pending motions be **DENIED as MOOT**.
4. The Clerk of Court be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on May 10, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

*Pro Se* Party